Lorenc v Lorenc (2019 NY Slip Op 09378)





Lorenc v Lorenc


2019 NY Slip Op 09378


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10657 302628/18

[*1] Lorraine Letitio Lorenc, Plaintiff-Appellant,
v
Zbigniew Paul Lorenc, Defendant-Respondent.


Law Office of Deana Balahtsis, New York (Deana Balahtsis and Merilda Petri Nina of counsel), for appellant.
Timothy J. Horgan, New York, for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered February 13, 2019, which denied plaintiff's motion to set aside the parties' prenuptial agreement, unanimously affirmed, without costs.
Plaintiff failed to establish that the parties' prenuptial agreement was the product of fraud, duress, or other inequitable conduct and should therefore be set aside (see Anonymous v Anonymous, 123 AD3d 581, 582 [1st Dept 2014]). In arguing that the agreement was unconscionable, plaintiff asserted that it was thrust upon her at the last minute and that she was deprived of any opportunity to review and consider its terms with the advice of independent counsel. However, there is no support for these assertions in the record.
There is also no support for a conclusion that plaintiff did not understand the agreement's terms. By her own account, she is an able negotiator and possesses impressive business acumen and sophistication, and she takes credit for having transformed her husband's medical practice into a thriving success.
Plaintiff failed to establish that the agreement was the product of overreaching on defendant's part (see Gottlieb v Gottlieb, 138 AD3d 30, 37 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]. She did not claim that defendant failed to disclose assets in connection with the agreement. The significant financial disparity between the parties that presumably will result does not, without more, justify vitiating the parties' freely negotiated agreement (see id. at 41-42).
Plaintiff failed to establish that the agreement was the result of fraud. Her claims that defendant fraudulently promised her that he would tear up the agreement and that defendant fraudulently promised to put her name on the title to the townhouse are not supported by the record. Further, the agreement expressly disclaims reliance on representations other than those set forth in the agreement. Plaintiff's claim that defendant fraudulently promised to raise her salary every year is in essence a breach of contract claim, which presumes the validity of the agreement.
Plaintiff's public policy argument is without merit. New York has a "strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements" (Matter of Greiff, 92 NY2d 341, 344 [1998]). The right to enter into a contractual arrangement as to matrimonial matters is expressly authorized by Domestic Relations Law § 236 (B)(3) (see Kessler v Kessler, 33 AD3d 42, 46 [2d Dept 2006], lv dismissed 8 NY3d 968 [2007]). This right is not unfettered and the agreement must be arrived at fairly and equitably and free from the taint of fraud and duress. As stated above, plaintiff failed to establish that the agreement was the product of fraud, duress, or other inequitable conduct and would therefore be against public policy.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK